## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

MATTHEW BERNARD                    *    CIVIL ACTION NO.  3:25--0165

VERSUS                             *    JUDGE TERRY A. DOUGHTY

RICHARD BOURGEOIS, JR.             *    MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a combined Rule 12(b)(2), (4), and (6) motion to dismiss for lack of personal jurisdiction, insufficient process, and for failure to state a claim upon which relief can be granted [doc. # 9] filed by Defendant, Richard Bourgeois, Jr.  The motion is unopposed.  For reasons set forth below, IT IS RECOMMENDED that the motion be GRANTED IN PART and DENIED IN PART.

### Background

On February 24, 2025, Plaintiff Matthew Bernard (hereinafter, "Plaintiff") filed the instant pro se complaint against Richard Bourgeois, Jr., a magistrate judge for the United States District Court for the Middle District of Louisiana (hereinafter, "Defendant"), alleging that he "did knowingly engage in the misappropriation of government monies, unauthorized practice of law, and abuse of authority with the intent to derail a suit at common-law and violate [Plaintiff's] protections under the Bill of Rights."  (Complaint, pg. 2 [doc. # 1]).

Specifically, Plaintiff alleges that, on January 31, 2025, he filed a "Suit at Common-Law with Common-Law Jury Demand" against Kristine Ford, et al.,[1] which he specifically advised the Clerk of Court was *not* a civil action.  *Id*.  Nonetheless, Defendant purportedly issued an

---

[1] *See Bernard v. Ford*, Civ. Action No. 25-0100 (M.D. La.).

order reclassifying the matter as a civil action. *Id.*, pg. 3. As a result, Plaintiff filed the instant

suit against Defendant asserting claims for misappropriation of government monies,

unauthorized practice of law, filing false public documents, breach of duty of care, breach of

sworn oath, abuse of authority, gross negligence, deprivation of rights under color of law, failure

to uphold the law, misrepresentation, unlawful adjudication, defamation of character, judicial

entrapment, treason, unlawful ex parte communications, and impeding a suit at common-law.

*Id.*, pgs. 4-6. He seeks damages in the amount of $5,064,758.55, plus costs, sanctions, other

damages, "and the like." *Id.*, pg. 11.

In light of Plaintiff's claims asserted against one of their fellow judges, all of the judges

of the Middle District of Louisiana recused themselves from this matter. (April 3, 2025 En Banc

Order [doc. # 2]). The case was reassigned to the Honorable Terry Doughty and the

undersigned, both of the United States District Court for the Western District of Louisiana. *Id.*

On June 25, 2025, the Court entered an order instructing Plaintiff to submit a summons

and address to the Clerk of Court, so the summons may be issued. (Order [doc. # 3]). The Order

reminded Plaintiff that he remained responsible for ensuring service of summons and the

Complaint on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Id.*

On July 16, 2025, Plaintiff filed an Addendum, stating that the Clerk of Court completed

service on Defendant on February 24, 2025, when the suit was filed and entered. (Addendum

[doc. # 4]). He further alleged that, on March 5, 2025, a copy of the suit was served on

Defendant via certified mail, as evidenced by a return receipt from the United States Postal

Service. *Id.*

On September 8, 2025, the Court reviewed Plaintiff's contentions set forth in his

Addendum, but observed that,

> acceptance of a suit for filing by the Clerk of Court does not constitute service. *See, e.g.*, FED. R. CIV. P. 4. Further, sending a copy of the complaint via certified mail to an unspecified address does not demonstrate proper service. *See* FED. R. CIV. P. 4(l). [Plaintiff] did not file an affidavit and attach or file the certified mail receipts confirming delivery of the mail. Moreover, Rule 4 has specific provisions for serving federal officials in their official and individual capacities. *See* FED. R. CIV. P. 4(i). There is no indication that [Plaintiff] complied with those requirements. In addition, a summons must be served with a copy of the complaint. FED. R. CIV. P. 4(c)(1). Therefore, any purported service attempts, to date, were ineffective because [Plaintiff] never provided a summons to the Clerk of Court for issuance.

(Order [doc. # 5]).

Accordingly, the Court notified Plaintiff that it was considering dismissing this matter pursuant to Rule 4(m) because service of process had not been effected within 90 days after filing suit. *Id*. Before doing so, however, the Court granted Plaintiff an additional 14 days to perfect and file proof of service, or to file evidence of good cause for his failure to timely perfect same. *Id*.

On September 24, 2025, Plaintiff filed a document addressed to Richard Bourgeois, Jr., stating that "You are hereby served . . ." with a suit at common law, which he labeled as a "RETURN." (Return [doc. # 6]). The Return included a stamp, apparently affixed by Deputy Sheriff "Mock 1691," indicating that the deputy "made service at the Louisiana State Office . . ." on September 23, 2025. *Id*.

On November 17, 2025, Defendant filed the instant motion to dismiss. Defendant argued that the purported summons issued to him did not meet the requirements of Rule 4, and, thus, the case was subject to dismissal for insufficient process. Furthermore, because the summons delivered to him was insufficient, the Court lacked personal jurisdiction over him. Finally, he asserted that he was entitled to absolute judicial immunity as to Plaintiff's claims, and, in any

event, Plaintiff failed to allege any facts to support his baseless claims.

Plaintiff never filed a response to Defendant's motion, and the time to do so has passed. *See* Notice of Motion Setting. [doc. # 11]. Accordingly, the motion is deemed unopposed. *Id*. The matter is ripe.

<u>**Analysis**</u>

The Court initially will address the arguments pertaining to insufficient process and personal jurisdiction before reaching the merits-related argument(s).

**I.    Insufficient Process**

Although Rules 12(b)(4) and 12(b)(5) sound similar, there is a distinction. "An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service, while a Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>: Civil 3d § 1353) (internal quotation marks omitted). Therefore, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) [e.g., Rule 4(a)] that deals specifically with the content of the summons." *Id*.

When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, Civ. Action No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Without valid service of process, "proceedings against a party are void because a court cannot

exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, No. 19-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Rule 4 specifies that a summons must:

**(A)**    name the court and the parties;

**(B)**    be directed to the defendant;

**(C)**    state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;

**(D)**    state the time within which the defendant must appear and defend;

**(E)**    notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

**(F)**    be signed by the clerk; and

**(G)**    bear the court's seal.

FED. R. CIV. P. 4(a)(1).

In this case, Defendant alleges that the summons delivered to him did not contain, *inter alia*, the name of the court and the parties or the time within which he must appear and defend or otherwise risk default. More importantly, the summons was not signed by the Clerk and did not bear the court's seal. The Fifth Circuit has recognized that the requirements of Rule 4 are phrased in mandatory language and, thus, plaintiffs must comply with the requirements of Rule 4(a)(1). *See Wells v. Ali*, 304 Fed. App'x. 292, 295 (5th Cir. 2008). In addition, a summons that does not contain the clerk's signature and the court's seal is void. *Galynsky v. Thomas*, CV H-

5

24-202, 2024 WL 6884340, at *2 (S.D. Tex. Nov. 19, 2024), *aff'd,* 24-20559, 2025 WL 2945814 (5th Cir. Oct. 17, 2025) (citations omitted). By failing to file a response, Plaintiff has made no attempt to satisfy his burden to show that he properly served Defendant. *See Walk On's*, 2020 WL2404911, at *3 ("When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.") (internal quotations and citations omitted).

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

Here, Plaintiff has failed to demonstrate good cause for his continued failure to effect service. The Court recognizes that Plaintiff is acting pro se in this matter. However, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted).

A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). At this point, however, approaching eleven months after the suit was commenced and almost two months after the motion to dismiss was filed, the Court is compelled to find that dismissal is warranted. *See Thrasher,* 709 F.3d at 512 (court properly dismissed suit after it warned plaintiff and granted her generous extensions of time, but plaintiff still failed to effect service properly); *Walk On's*, 2020 WL2404911, at *4 (no basis to confer additional time to pro se plaintiff to effect service after eight months had passed since suit was filed).[2]

## II. Personal Jurisdiction

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (citation omitted); FED. R. CIV. P. 12(b)(2); *Hyman v. VOV GmbH*, Civ. Action No. 19-0206, 2020 WL 1303971, at *3 (W.D. La. Feb. 28, 2020), *R&R adopted,* 2020 WL 1313095 (W.D. La. Mar. 17, 2020) ("A court cannot exercise personal jurisdiction over a defendant unless the defendant was properly served."). Similarly, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

---

[2] Another consideration that counsels against extending the service period is that Plaintiff has failed to rebut Defendants' alternative argument that all of his claims are barred by absolute judicial immunity. *See Reid v. Evans*, Civ. Action No. 22-0046, 2023 WL 364109, at *8 (M.D. Ga. Jan. 23, 2023) (declining to extend time for service where plaintiff's claims against the federal judges also are barred by absolute immunity).

In this case, Plaintiff has failed to properly serve Defendant, and, consequently, the Court lacks personal jurisdiction to entertain his claims against him.

## III. Failure to State a Claim for Relief

Defendant also seeks dismissal of Plaintiff's claims on the basis that he is entitled to absolute judicial immunity and/or because the complaint fails to allege facts to support a claim against him. The defense of absolute judicial immunity is properly raised via a Rule 12(b)(6) motion to dismiss. *Brunson v. Brown*, Civ. Action No. 23-3109, 2023 WL 6382602, at *2 (E.D. La. Sept. 29, 2023) (citation omitted). Moreover, a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) constitutes a judgment on the merits." *Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 Fed. App'x. 735, 738 (5th Cir. 2015) (quoted source omitted).

Personal jurisdiction, however, is "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation and internal quotation marks omitted). In the absence of personal jurisdiction over Defendant, the Court is unable to reach his judicial immunity argument, a merits-based issue that was raised via Rule 12(b)(6) motion. *See Walk On's*, 2020 WL2404911, at *4 (court lacked jurisdiction to consider defendant's remaining Rule 12(b)(6) arguments).

## Conclusion

For the above assigned reasons,

IT IS RECOMMENDED that the motion to dismiss [doc. # 9] filed by Defendant Richard Bourgeois, Jr. be GRANTED IN PART and DENIED IN PART. To the extent that

8

Defendant moves for dismiss for insufficient process and lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(4) and (2), IT IS RECOMMENDED that the motion be GRANTED, and Plaintiff Matthew Bernard's claims be DISMISSED WITHOUT PREJUDICE.  IT IS FURTHER RECOMMENDED that the motion to dismiss [doc. # 9] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 15th day of January, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

9